CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 02, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES DEREK BELL,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00566 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **DEPUTY D. REEDY, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Charles Derek Bell, a former inmate at the Abingdon Regional Jail, proceeding *pro se*, has filed a complaint against the defendants pursuant to 42 U.S.C. § 1983 for assault and battery and unlawfully barring Bell from his residence and damaging his personal property. The complaint has not been served on defendants, pending Reedy's compliance with the court's order of January 3, 2024, directing payment in full of the filing fee, after Bell's release from custody. Before his release, Bell filed a Petition for Temporary Relief, which the court has construed to be a motion for a preliminary injunction. The relief Bell seeks in this motion includes:

1. An injunction against Deputy Reedy ordering him to stay away from Bell's family and from his friend, Amanda Savage. He alleges that Reedy has entered Amanda's home on two occasions without a warrant and without consent and has told Bell's sister to "go off [Bell's] bond or she was going to lose her money. Bell states that these people are also his witnesses, and they are being harassed by Reedy.

2. He also complains that the General District Court (city/county not identified) has denied him bail, has not yet held his preliminary hearing, and has not responded to repeated requests for information.

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The

remedy may be granted only on a clear showing of entitlement to relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (providing the factors a court must consider before granting such relief).

In the present case, a preliminary injunction is not appropriate, because the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Plaintiff must establish a relationship between the injury claimed in his motion for relief and the conduct giving rise to the complaint. *Id.* The alleged harassment of Bell's family members and friends who are witnesses in his criminal case is unrelated to the assault and battery Bell alleges in his complaint. The General District Court's conduct in a matter pending a criminal preliminary hearing in which Bell is the defendant is also unrelated to the claims in Bell's civil complaint.

Further, under the *Younger* abstention doctrine, a federal court should abstain from exercising jurisdiction and interfering in a state criminal proceeding if there is an ongoing state judicial proceeding pending before the federal proceeding, so long as state procedures provide adequate opportunity to raise constitutional challenges, because states have a vital state interest in enforcing their criminal laws. *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

For these reasons, Bell's Motion for Temporary Relief (ECF No. 7) is **DENIED**. The Clerk is directed to mail a copy of this Opinion and Order to Mr. Bell.

                                              Enter: April 2, 2024

                                              /s/ Robert S. Ballou

                                              Robert S. Ballou
                                              United States District Judge